IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RACARDO JACKSON,

    Plaintiff,                    No. 2:08-cv-1648 JFM (PC)

    vs.

BONNIE DENNISON, Solano
County District Attorney,           ORDER AND

    Defendant.           FINDINGS AND RECOMMENDATIONS

        Plaintiff, a county jail inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has not, however, filed his application for leave to proceed in forma pauperis on the form used by this district. Use of the form assists plaintiff to establish and the court to evaluate plaintiff's in forma pauperis status in light of 28 U.S.C. § 1915 (b)(1) and (2). Accordingly, plaintiff's application will be dismissed and plaintiff will be provided the opportunity to submit the application on the appropriate form. Plaintiff is cautioned that he must also provide a certified copy of his inmate trust account statement for the six month period immediately preceding the filing of his complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

/////

1  Plaintiff alleges that defendant Bonnie Dennison, the Solano County District
2  Attorney, fabricated a criminal charge against him which resulted in a wrongful conviction.
3  Plaintiff seeks money damages. In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the United States
4  Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly
5  unconstitutional conviction or imprisonment cannot be maintained absent proof "that the
6  conviction or sentence has been reversed on direct appeal, expunged by executive order, declared
7  invalid by a state tribunal authorized to make such determination, or called into question by a
8  federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." <u>Heck</u>, 512 U.S. at 486.
9  Under <u>Heck</u>, the court is required to determine whether a judgment in plaintiff's
10 favor in this case would necessarily invalidate his conviction or sentence. <u>Id</u>. If it would, the
11 complaint must be dismissed unless the plaintiff can show that the conviction or sentence has
12 been invalidated. This court finds that plaintiff's action implicates the validity of plaintiff's
13 conviction, and that plaintiff has not shown that the conviction has been invalidated.
14 Accordingly, this action should be dismissed without prejudice. <u>See</u> <u>Heck v. Humphrey</u>, 512
15 U.S. at 486-87.
16 In accordance with the above, IT IS HEREBY ORDERED that:
17 1. Plaintiff's application to proceed in forma pauperis is dismissed without
18 prejudice;
19 2. The Clerk of the Court is directed to send plaintiff a new Application to
20 Proceed In Forma Pauperis By a Prisoner;
21 3. Plaintiff shall submit, within twenty days from the date of this order, a
22 completed application to proceed in forma pauperis on the form provided with this order;
23 4. The Clerk of the Court is directed to randomly assign this matter to a United
24 States District Judge; and
25 IT IS HEREBY RECOMMENDED that this action be dismissed without
26 prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 29, 2008.

*/s/ John F. Moulds*
UNITED STATES MAGISTRATE JUDGE

12
jack1648.56

|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   | IN THE UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF CALIFORNIA |

RACARDO JACKSON,
          Plaintiff,                               No. 2:08-cv-1656 JFM (PC)
     vs.
BONNIE DENNISON, Solano
County District Attorney,                     NOTICE OF AMENDMENT/

            Defendants.                       SUBMISSION
_____/

       Plaintiff hereby submits the following document in compliance with the court's order filed _____:

                _____          In Forma Pauperis Application with Certified Copy of Trust Account Statement

DATED:

                                                                       _____
                                                                       Plaintiff